STATE OF MAINE                                  SUPERIOR COURT
CUMBERLAND, ss.                                 CIVIL ACTION
                                                DOCKET NO. AP-17-33

JOHN ALDEN CARRIER III,               )
                                      )
        Petitioner                    )
                                      )
v.                                    )         ORDER ON PETITIONER'S RULE
                                      )         80B APPEAL
BUSTINS ISLAND VILLAGE                )
CORPORATION,                          )
                                      )         REC'D CUMB CLERKS OF
        Respondent.                   )         DEC 4 '17 PM2:48

Before the Court is Petitioner's Maine Rule of Civil Procedure 80B appeal of the June 24, 2017 decision of Respondent's Zoning Board of Appeals ("ZBA"). As a threshold matter, Respondent has argued that this Court does not have jurisdiction to hear this appeal. For the following reasons, the Court agrees.

Maine Rule of Civil Procedure 80B(b) provides: "The time within which review may be sought shall be as provided by statute...." The parties agree that the applicable statute in this case is 30-A M.R.S. § 2691(3)(G), which provides the time for review of a decision of a municipal board of appeals. That statute states:

> Any party may take an appeal, within 45 days of the date of the *vote* on the original decision, to Superior Court from any order, relief or denial in accordance with the Maine Rules of Civil Procedure, Rule 80B. This time period may be extended by the court upon motion for good cause shown.

30-A M.R.S. § 2691(3)(G) (emphasis added). The unambiguous language of the statute requires that the appeal be filed within 45 days of the date of the vote on the board's decision. The Law Court has affirmed this plain language interpretation. *See, e.g., Beckford v. Town of Clifton*, 2014 ME 156, ¶ 16, 107 A.3d 1124 ("We therefore conclude that the appeal period established in section 2691 begins with the board of appeals' final public vote, even when the board of appeals

**Petitioner–John Carrier Pro Se
Respondent–William Dale, Esq.**

is required to issue a written decision and does so at a later date."). The ZBA took its final vote at a public meeting on June 24, 2017. Because that vote triggered the time for appeal, Petitioner's appeal should have been filed on or before August 8, 2017. Petitioner's appeal was not filed until August 17, 2017 and was therefore untimely pursuant to § 2691.

Petitioner counters that the June 24 vote should not trigger the time for appeal because he was not present at the ZBA's meeting and he did not receive written notice of the decision until July 24, 2017. These arguments are without merit. Section 2691 contains no requirement that a petitioner be present at the meeting at which the vote was taken. Both parties agree the vote was public, and Petitioner even admits his wife was present at the meeting when the vote was taken. Further, *Beckford* makes it clear that issuance of a written decision does not trigger the time for appeal. *Beckford*, 2014 ME 156, ¶ 16, 107 A.3d 1124. If Petitioner believes Respondent was untimely in issuing a written decision, Petitioner could have made that argument in a motion to the Court to extend the time for appeal pursuant to § 2691. Petitioner did not make such a motion.

The time for appeal established by § 2691 is jurisdictional. *See Beckford*, 2014 ME 156, ¶ 23, 107 A.3d 1124. As such, because this appeal was not filed within the 45-day time for appeal, and no extension was requested by Petitioner, the Court does not have jurisdiction to hear this matter, and it must be dismissed.

For the foregoing reasons, Petitioner's 80B appeal is DISMISSED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 12/4/17

Lance E. Walker, Justice

2 of 2          Maine Superior Court